**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Davis, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Bank of America Corporation, et al., <br><br> Defendants. | No. CV-12-01059-PHX-NVW <br><br> **ORDER** |

Before the Court is the Motion to Dismiss First Amended Verified Complaint (Doc. 19) by Defendants Bank of America Corporation and Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing LP.

**I.    LEGAL STANDARD**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

In alleging fraud, the circumstances must be alleged with particularity. Fed. R. Civ. P. 9(b). Plaintiffs alleging fraud "must state the time, place, and specific content of

the false representations as well as the identities of the parties to the misrepresentations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *accord Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).

## II.  BACKGROUND

The facts assumed to be true are essentially the same as those assumed to be true in the August 23, 2012 Order (Doc. 13), which dismissed all counts against Defendant Bank of America Corporation and dismissed all but one count (promissory estoppel) against Defendant Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing LP ("BACHL").  In addition to promissory estoppel, the Verified Complaint alleged false advertising/consumer fraud in violation of A.R.S. § 44-1522, constructive fraud, breach of fiduciary duty, negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent misrepresentation.

The August 23, 2012 Order (Doc. 13) found Plaintiffs had sufficiently alleged that BACHL stated in two letters that no foreclosure sale would be conducted during the Home Affordable Modification Program ("HAMP") evaluation, and the statements were false because a foreclosure sale was conducted before the HAMP evaluation was completed.  As alleged, Plaintiffs' injuries were caused by not having adequate time to prepare to move from their home because they relied on BACHL's false statements.

The First Amended Verified Complaint names as Defendants Bank of America Corporation, Bank of America, N.A., and BAC Home Loans Servicing, LP.  Like the Verified Complaint, it alleges false advertising/consumer fraud in violation of A.R.S. § 44-1522, constructive fraud, promissory estoppel, negligent infliction of emotional distress, and negligent misrepresentation.  In addition, the First Amended Verified Complaint alleges breach of the implied covenant of good faith and fair dealing and negligence.

## III. ANALYSIS

### A. Claims Against Bank of America Corporation

All of the amended claims against Bank of America Corporation will be dismissed for the reasons stated in the August 23, 2012 Order (Doc. 13). In addition, although Plaintiffs allege that Bank of America Corporation controlled Bank of America, N.A., and BAC Home Loans Servicing LP to the extent that Bank of America Corporation is liable under the instrumentality theory exception to the rule that a parent corporation is not liable for the acts of its subsidiaries, Plaintiffs fail to allege facts supporting "that observance of the corporate form would sanction a fraud or promote injustice." *Taeger v. Catholic Family & Cmty. Servs.*, 196 Ariz. 285, 297 (Ct. App. 1999).

### B. False Advertising/Consumer Fraud in Violation of A.R.S. § 44-1522, Constructive Fraud, Negligent Infliction of Emotional Distress, and Negligent Misrepresentation

Plaintiffs' amended claims for false advertising/consumer fraud in violation of A.R.S. § 44-1522, constructive fraud, negligent infliction of emotional distress, and negligent misrepresentation will be dismissed for the reasons stated in the August 23, 2012 Order (Doc. 13).

### C. Breach of the Implied Covenant of Good Faith and Fair Dealing

The parties agree that a covenant of good faith and fair dealing is implied into every contract and that a claim for breach of the covenant arises from a contract between the parties. Plaintiffs allege that Defendants breached the covenant by selling Plaintiffs' house during the HAMP evaluation. However, Plaintiffs have not alleged facts that would establish the existence of a contract with Defendants regarding the HAMP evaluation. Therefore, Count Two of the First Amended Verified Complaint fails to state a claim upon which relief can be granted.

### D. Negligence

The First Amended Verified Complaint alleges that Defendants owed Plaintiffs a general duty of care because they had "a special and confidential relationship," which

Defendants breached. Plaintiffs have not alleged facts that would establish "a special and confidential relationship," a general duty of care, or a breach of any duty beyond that alleged in their negligent misrepresentation claim. Therefore, Count Five of the First Amended Verified Complaint fails to state a claim upon which relief can be granted.

### E. Promissory Estoppel Damages

Defendants seek dismissal of Count Four of the First Amended Verified Complaint for promissory estoppel to the extent it seeks punitive damages and damages for non-economic injuries, like emotional distress.

Arizona courts recognize promissory estoppel, defined in Restatement (Second) of Contracts § 90(1), as a proper alternative to a contract claim, but acknowledge that the remedy under this theory may be more limited than damages for breach of contract. *AROK Constr. Co. v. Indian Constr. Servs.*, 174 Ariz. 291, 299-300, 848 P.2d 870, 878-79 (Ct. App. 1993). Under § 90(1), certain promises are "binding if injustice can be avoided only by enforcement of the promise." A promise binding under § 90(1) is a contract, and normal contract remedies are often appropriate. Restatement (Second) of Contracts § 90 cmt. d. However, "relief may sometimes be limited to restitution or to damages or specific relief measured by the extent of the promisee's reliance rather than by the terms of the promise." *Id.* Therefore, the most Plaintiffs may recover on a promissory estoppel claim is what they could recover for breach of contract.

Under Arizona law, punitive damages and damages for non-economic injuries, like emotional distress, may not be recovered for breach of contract. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1517 (9th Cir. 1994) (breach of contract claim dismissed because plaintiffs alleged only emotional distress and mental anguish damages); *Continental Nat'l Bank v. Evans*, 107 Ariz. 378, 382, 489 P.2d 15, 19 (1971) (citing Restatement of Contracts § 342, which states, "Punitive damages are not recoverable for breach of contract."). Because a promise made binding under the theory of promissory

estoppel is a contract, Plaintiffs may not recover punitive damages or damages for non-economic injuries for a claim of promissory estoppel.

### IV. FURTHER LEAVE TO AMEND WILL NOT BE GRANTED.

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiffs already have had an opportunity to amend their complaint. Because further amendment would be futile, all claims against Bank of America Corporation will be dismissed with prejudice and all claims against Bank of America, N.A., except Count Four (Promissory Estoppel), will be dismissed with prejudice.

IT IS THEREFORE ORDERED that the Motion to Dismiss First Amended Verified Complaint (Doc. 19) by Defendants Bank of America Corporation and Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing LP, is granted.

IT IS FURTHER ORDERED that the First Amended Verified Complaint (Doc. 16) is dismissed with prejudice as to Defendant Bank of America Corporation.

IT IS FURTHER ORDERED that Counts One, Two, Three, Five, Six, and Seven of the First Amended Verified Complaint (Doc. 16) are dismissed with prejudice as to Defendant Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing LP.

IT IS FURTHER ORDERED that Count Four of the First Amended Complaint (Doc. 16) is dismissed as to Defendant Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing LP, to the extent that it seeks punitive damages or damages for non-economic injuries.

Dated this 28th day of November, 2012.

_____
Neil V. Wake
United States District Judge